The Honorable Jack Critcher State Senator 30 Trestle Court Batesville, AR 72501
Dear Senator Critcher:
I am writing in response to your request for my opinion on the following question:
 Is it legal for the County Judge to use county road equipment, fuel and manpower to excavate at the Batesville Airport for hangar pads?
My inquiries reveal that the Batesville Regional Airport is a city-owned facility located in Independence County approximately three miles outside the Batesville city limits. I am further informed that the hangars at issue are owned by the city and leased to private parties. The excavation work performed by the county on the city-owned hangar pads reportedly represented an in-kind expenditure matching a grant to the airport by the Arkansas Department of Aeronautics, which awards such grants to airports using aviation sales and use tax revenues.[1]
 RESPONSE
As a general rule, a county's use of its resources on a city project is not in itself impermissible even if the project is leased to private individuals. However, a factual issue exists as to whether the revenues used to purchase the equipment, fuel and manpower came from the county road tax authorized at Ark. Const. amend. 61, which provides that "[r]evenues derived from the county road tax shall be used for the sole purpose of constructing and repairing public roads and bridges." A finder of fact might well conclude that excavation performed in the course of constructing hangar pads at a city facility would not constitute a permissible use of county road tax revenues.
At issue initially is the general question of whether a county may expend any of its resources in support of a project owned by a city contained within that county. Based upon the provisions of the Arkansas Constitution and Code, I believe the answer to this question is "yes." Amendment 55 to the Arkansas Constitution provides that a county quorum court may exercise local legislative authority not denied by the constitution or by law. Amendment 55 § 1(a). The legislative action, however, must relate to "county affairs." Amendment 55, § 1(b). Subsection 1(c) of Amendment 55 further provides that a county may, "for any public purpose, contract, cooperate, or join with any other county, or with any political subdivisions of the State or any other states or their political subdivisions, or with the United States." See also
A.C.A. § 14-14-801(b)(4) (Repl. 1998) (providing that a county may, "[f]or any public purpose, contract or join with any other county, with political subdivision, or with the federal government"). In addition, A.C.A. § 14-14-802(b)(2)(B)(v) (Repl. 1998) authorizes a county to provide "[u]rban and rural development, rehabilitation, and redevelopment services." Subsection 14-14-801(b)(13) further authorizes a county government to "[e]xercise other powers, not inconsistent with law, necessary for the effective administration of authorized services and functions."
Applying these principles, in my opinion, the donation of county services to the city for the purpose of improving city facilities is not prohibited by either the constitution or by law, instead falling well within the county's authority over "county affairs." See also generallyShofner v. Dowell, 168 Ark. 229, 269 S.W. 588 (1925) (upholding a county appropriation for street improvements within a city); Ark. Op. Att'y Gen. No. 95-046 (opining that it was legal for a county to grant funds to a city for business district improvements to walkways). In offering this opinion, I am not ignoring the fact that private parties will immediately benefit from the public expenditure in the instance you describe, having access as lessees to new hangar facilities. See City ofNorth Little Rock v. Pulaski County, 332 Ark. 578, 968 S.W.2d 582 (1998) (affirming a trial court's ruling that publicly owned hangars leased to private individuals are not "used exclusively for public purposes," Ark. Const. art. 16, § 5, and are therefore subject to ad valorem taxation). However, hangars are a necessary component of a publicly owned airport facility and as such clearly fulfill a public purpose that would warrant the public construction effort at issue in your request. See A.C.A. § 14-164-303(2)(xxxii) (Supp. 2005) (including "hangars" in the list of properties constituting "capital improvements of a public nature").
Notwithstanding my conclusion that a county might legitimately invest its resources in the construction of a city-owned airport hangar, I must further note that the county is restricted in its selection of revenues to invest in such a project. Amendment 61 to the Arkansas Constitution provides that the county road fund be used "for the sole purpose of constructing and repairing public roads and bridges within the county."Accord A.C.A. § 26-79-105(a) (Repl. 1997). I am neither situated nor authorized to determine either whether road tax revenues were used in the construction project at issue or whether the project might fall within the scope of permissible usage of road tax revenues. As one of my predecessors noted in Ark. Op. Att'y Gen. No. 97-373:
 The parties on opposing sides of these issues may have different views or facts to support their positions. I cannot resolve such issues. This is consistent with the practice of Attorneys General throughout the country. See, e.g. Ross, State Attorneys Generals, Powers and Responsibilities, (National Association of Attorneys General, The Bureau of National Affairs, Inc., 1990) (stating that "opinions . . . are generally restricted by statute . . . to questions of law" and are "generally . . . confined to . . . questions of law, not of fact"). Id. at 61. As stated in Opinion 1997-284, the question of whether the expenditures you detail are constitutional will ultimately require a factual determination.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] Section 27-115-102 of the Arkansas Code (Repl. 1994) provides as follows regarding the operation of the Arkansas Department of Aeronautics:
 The department is established and authorized to represent the State of Arkansas in the promotion and development of landing fields, airports, hangars, and other aeronautical projects and to cooperate with and secure the cooperation of the Federal Aviation Administration and any other duly authorized federal agencies interested in the development of aeronautics.
Section 19-6-402 of the Arkansas Code (Repl. 1998), which establishes the Arkansas Department of Aeronautics Fund, provides as follows:
 The Arkansas Department of Aeronautics Fund shall consist of those special revenues as specified in subdivision (17) of § 19-6-301, there to be used for making grants-in-aid to qualifying airports of this state as authorized by law and for the maintenance, operation, and improvement required by the Arkansas Department of Aeronautics in carrying out the functions, powers, and duties, as set out in § 27-114-101 et seq., or other duties imposed by law upon the department.
The referenced A.C.A. § 19-6-301(17) (Supp. 2005) designates aviation sales and use taxes "special revenues" to be deposited in the state treasury.